# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEWIS, | Case No. 1:25-cv-01013-KES-SAB |
| Plaintiff, | ORDER GRANTING MOTION FOR LEAVE TO AMEND |
| v. | (ECF No. 25) |
| ARAMARK SERVICES, INC., et al., | |
| Defendants. | |

Before the Court is Plaintiff's motion for leave to file a first amended complaint. (ECF No. 25.) Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should . . . be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962), quoting Fed. R. Civ. P. 15(a). In other words, "[a]bsent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Here, the Court finds that granting leave to amend implicates none of the Forman factors. Indeed, Defendants have filed a non-opposition, which demonstrates that they will not be prejudiced by the granting of the motion.

Accordingly, it is HEREBY ORDERED that:

1.    Plaintiff's motion for leave to amend (ECF No. 25) is GRANTED; and

2.    Plaintiff shall file his first amended complaint within **three (3) days** of the entry of this order; and

3.    In light of the foregoing, the Court directs the Clerk of the Court to STRIKE ECF No. 21.

IT IS SO ORDERED.

Dated:    **May 8, 2026**

STANLEY A. BOONE
United States Magistrate Judge

2